**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 7, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

SEYED ALIREZA AMIDI NAMIN,

    Plaintiff - Appellant,

v.

KEVIN JEFFREY VERT,

    Defendant - Appellee.

No. 25-4150
(D.C. No. 2:25-CV-00900-RJS)
(D. Utah)

_____

**ORDER AND JUDGMENT***

_____

Before **PHILLIPS**, **KELLY**, and **FEDERICO**, Circuit Judges.

_____

Seyed Alireza Amidi Namin appeals pro se from the district court's dismissal of his complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Namin initiated this case by filing a pro se complaint against Kevin Jeffrey Vert, someone Namin claims "doesn't exist" and, instead, is an identity being used by a "mafia" of government officials to commit wrongdoing against him. Op. Br. at 42. Namin amended his complaint on October 10, 2025. The Amended Complaint alleges civil rights violations, discrimination under the Fair Housing Act, 42 U.S.C. § 3604, violation of the False Claims Act, 31 U.S.C. § 3729, and several criminal offenses under Title 18 of the U.S. Code.

Because Namin sought to proceed in forma pauperis, the district court screened the Amended Complaint. *See* 28 U.S.C. § 1915(e)(2)(B). It determined that the Amended Complaint: (1) did not allege government action for purposes of the civil rights claims; (2) did not allege Vert withheld use of property to him because of a protected status for purposes of the Fair Housing Act claim; (3) alleged violations of criminal statutes, which are not generally enforceable in civil proceedings; and (4) did not allege Vert made a claim to the government for payment for purposes of the False Claims Act claim. The court dismissed the Amended Complaint for failure to state a claim.

On appeal, Namin does not address the district court's grounds for dismissal and therefore has waived any argument for reversal. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) (An appellant

2

must "explain what was wrong with the reasoning that the district court relied on in reaching its decision."); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he inadequacies of Plaintiff's briefs disentitle him to review by this court."). To the extent Namin challenges the jurisdiction of the district court to dismiss his Amended Complaint, we find his argument unavailing. He brought a "civil action[] arising under the Constitution [and] laws" of the United States, and so the district court properly exercised subject matter jurisdiction to address his claims. 28 U.S.C. § 1331.

Finally, we "admonish [Namin] that we will not allow liberal pleading rules and pro se practice to be a vehicle for abusive documents." *Garrett*, 425 F.3d at 840 (quotation omitted). Namin's briefing on appeal includes several unnecessary insults directed at the district court. Such conduct is improper. "[W]e will not tolerate" filings that "do little more than attempt to impugn (without basis) the integrity of the district judge." *Id.* at 841.

Accordingly, we affirm the district court's order. We also deny Namin's motion to proceed in forma pauperis because his appeal does not present a "reasoned, nonfrivolous argument." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

3

AFFIRMED.

Entered for the Court


Richard E.N. Federico
Circuit Judge